IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LISA HILL, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-915-N-BK |
| | § | |
| CHARLIE HUMPHREY, ET AL. | § | |
| Defendants. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the undersigned United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Lisa Hill ("Hill") leave to proceed *in forma pauperis* ("IFP") and withheld service of process pending judicial screening. As explained below, Hill's claims should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2).

I. BACKGROUND

Hill's allegations, the documents attached to her amended complaint[1], and the public record in her misdemeanor proceedings reflect that she was arrested by a Dallas police officer on January 11, 2021, for assault causing bodily injury/family violence. *See* Doc. 10 at 10, 19-20;

_____

[1] Hill has filed a complaint and an amended complaint. Because "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading[,]" Hill's amended complaint is the operative pleading in this matter. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citation omitted). Nevertheless, the Court has also considered the allegations in Hill's original complaint for screening purposes.

*State v. Hill*, M2151413 (Dallas Cnty. Crim. Court No. 11). The State subsequently dismissed the charges against her. *See* Doc. 15 at 2.

While her criminal case was pending, Hill filed this action against her criminal defense attorneys, Charlie Humphrey and Tracy Hale; Diana Heard, a jailer at the facility where Hill was incarcerated following her arrest and who was also a tenant at the apartment complex where the events leadings to Hill's arrest occurred; and Latosha Carmack and her son, George Carmack, who accused Hill of the conduct for which she was ultimately arrested. *See* Doc. 1 at 2, 3, 7; Doc. 10 at 2, 3, 9. More specifically, Hill alleges that Latosha and George Carmack made a false police report against her and "pressed charges on false allegations." Doc. 1 at 10; Doc. 10 at 3, 9. Hill describes the events that led up to Latosha Carmack calling the police, which occurred at the Carmack's apartment complex, and alleges that a Dallas Police Officer put her into handcuffs, "roughed [her] up," and took her to jail.[2] *See* Doc. 1 at 10, 11; Doc. 10 at 10, 11.

Hill makes no allegations concerning Hale, the public defender appointed to represent her, but she does claim that Humphrey, her private attorney, entered into "some type of agreement" with Heard regarding her bail. Doc. 3 at 7; Doc. 10 at 7. Hill also maintains that, after Humphrey "bonded [her] out," he failed to investigate her case and forced her, through duress, to agree to take an anger management course. Doc. 10 at 9; Doc. 1 at 8. Hill further contends that, instead of working to prove her "innocence," Humphrey wanted to take the "unjust way out by plea bargain…." Doc. 10 at 9.

---

[2] Hill did not name the arresting officer as a defendant in this suit. Instead, she brought a separate suit against him that this Court previously dismissed. *See Lisa Hill v. State of Texas and Dallas Police Dept.*, No. 3:21-cv-3169-B-BN (N.D. Tex. 2021).

As for Heard, Hill "came to the conclusion" that she was attracted to Hill in some way. Doc. 10 at 7. Hill says that, at one point, after she rejected Heard, Heard pulled a gun on Hill and "followed" Hill's vehicle in traffic, "waving her gun out the window" at Hill, Hill's daughter, and Hill's male friend. Doc. 10 at 8. Hill also claims that Heard interfered with a witness's attempt to get an exculpatory affidavit—in which the witness described how Latosha Carmack fabricated evidence against Hill—notarized. *See* Doc. 10 at 12, 17 (copy of affidavit at issue).

## II. APPLICABLE LAW

Because the Court granted Hill's request to proceed IFP, her complaint is subject to screening under 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), a court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In performing this analysis, the Court, in addition to considering the pleadings, can consider attachments to it, as well as matters of which a court may take judicial notice, such as matters of public record. *See*, *e.g.*, *Hicks v. Parker*, 349 F. App'x 869, 870 (5th Cir. 2009) (per curiam) (noting that the court can consider "matters of public record, as well as documents attached to the complaint" when deciding a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6)) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* litigant's "'mere conclusory allegations on a critical issue are insufficient...'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chappa*, 884 F.3d 534, 538 (5th Cir. 2018); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). Even under the most liberal construction, Hill's complaint should be dismissed.

### III. ANALYSIS

#### A. Failure to Establish Private Actor Defendants Acted Under Color of Law

While Hill purports to bring her suit under 42 U.S.C. § 1983 (Doc. 10 at 3, 4), for that statute to apply, the defendant must have acted under color of state law. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) ("'Mere private conduct, no matter how discriminatory or wrongful' is excluded from § 1983's reach.") (quoted case omitted)); *see also*, *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420-21 (5th Cir. 2004) ("To state a claim under section 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution of the United States or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.") (citation omitted). And there is no indication from Hill's pleadings that either Latosha or George Carmack is a state actor or in any way acted under color of state law. Instead, based on Hill's pleasdings, Latosha and George Carmack appear to be private citizens unconnected with state authority. Nor are Humphrey and

Hale, Hill's retained criminal defense attorney and public defender respectively, state actors.

*See*, *e.g.*, *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983); *see also Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996).

This is true even though Hill vaguely alleges that Humphrey entered into an agreement of some kind with Heard—a jailer and potential state actor—"on the bond." Doc. 10 at 7. Although a conspiracy between state actors and private individuals to violate constitutional rights will support liability under Section 1983, *Chaney v. Races and Aces*, 590 F. App'x 327, 329 (5th Cir. 2014) (per curiam); *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008); *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005), Hill's pleadings lack the credible factual allegations to support a conspiracy claim. Specifically, facts must be alleged suggesting that there was an agreement between the private and public defendants to commit an illegal act as well as an actual deprivation of constitutional rights. *Cinel*, 15 F.3d at 1343. Hill's vague assertion that Humphrey and Heard came to an agreement "on the bond," does not establish that there was an agreement to commit an illegal act or that there was any constitutional deprivation resulting from the agreement. Therefore, to the extent Hill attempts to meet the under-color-of-state-law requirement by showing a conspiracy, her allegations are insufficient.

Because Hill fails to satisfy the under-color-of-state-law requirement in relation to Humphrey, Hale, Latosha Carmack, and George Carmack, her Section 1983 claims against those defendants should be dismissed with prejudice.

B. *Failure to Allege Sufficient Facts to Support Claims Against Defendant Heard*

Hill claims Heard was a jailer in the facility where Hill was imprisoned. Doc. 1 at 7. But Hill also alleges that Heard lived in the same apartment complex where the events giving rise to

Hill's arrest occurred.  Doc. 1 at 7; 10 at 2, 3.  It is not clear whether Hill is alleging that Heard's alleged conduct—brandishing a weapon and "waving" it at Hill—was private in nature or whether it was connected to her official duties.  "Private acts…are not considered to be done under color of state law merely because the actor is a public official."  *Manax v. McNamara*, 842 F.2d 808, 812 (5th Cir. 1988) (internal quotation marks omitted); *see also Brown v. Miller*, 631 F.2d 408, 411 (5th Cir. 1980) ("[T]he act of one who is a state officer, not taken by virtue of or clothed with his state authority, will not be considered as done under color of state law simply because the individual, although pursuing private aims, happens to be a state officer."). "Whether an officer is acting under color of state law does not depend on his on-or off-duty status at the time of the alleged violation."  *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464 (5th Cir. 2010) (citing *United States v. Tarpley*, 945 F.2d 806, 809 (5th Cir. 1991)).  The court must instead consider: "(1) whether the officer 'misuse[d] or abuse[d] his official power,' and (2) if 'there is a nexus between the victim, the improper conduct, and [the officer's] performance of official duties.'"  *Id.* (quoting *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002)).  "If an officer pursues personal objectives without using his official power as a means to achieve his private aim, he has not acted under color of state law."  *Id.* (citation omitted).

Here, Hill fails to allege that Heard acted under color of state law or state facts from which it can be gleaned that there was a nexus between Heard's complained of conduct and the performance of Heard's official duties as a jailer.  Indeed, the mishmash of allegations against Heard border on the nonsensical.

Even assuming *arguendo* that the color of law requirement is satisfied as to Heard, Hill's allegations still fail to state a legally cognizable claim.  Because Hill references the Fourth Amendment, the Court liberally construes her pleadings as asserting an excessive force claim.

*See* Doc. 10 at 3.  To state a claim for excessive force, Hill must allege (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable.  *Bazan ex rel. Bazon v. Hidalgo Cty.*, 246 F.3d 481, 487 (5th Cir. 2001) (citation omitted).   Applying those elements here, Hill has not plead plausible facts from which it can be inferred that Heard's conduct was objectively unreasonable; indeed, she provides no explanation of the circumstances leading up to Heard allegedly brandishing a weapon.  For that reason, any excessive force claim that Hill attempts to allege should be dismissed.  *See*, *e.g.*, *Ahmadi v. Downey*, Civil Action No. H-18-0211, 2021 WL 1227918, at *6 (S.D. Tex. Mar. 31, 2021) (dismissing the plaintiff's excessive force claim where the plaintiff provided "no facts surrounding the alleged use of force").

Hill also references the Fifth and Fourteenth Amendments in her pleadings.  To the extent that she attempts to allege a substantive due process claim in connection with Heard's conduct, the claim is meritless.  The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall…deprive any person of life, liberty, or property, without due process of law."  "The substantive component prevents the government from engaging in conduct that 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty,' whereas the procedural component ensures that any government action surviving substantive due process scrutiny is implemented in a fair manner."  *United States v. Salerno*, 481 U.S. 739, 746 (1987) (citations omitted).  Conduct that courts have found to violate substantive due process include: the forced pumping of a suspect's stomach, *Rochin v. California*, 342 U.S. 165, 172-73 (1952); forcing a citizen "to travel at speeds over 100 mph in their attempt to flee a terrorizing police officer," *Checki v. Webb*, 785 F.2d 534 (5th Cir. 1986); and terrorizing a mother and her two

young children by screaming at them, trying to smash their windows with a nightstick, and firing at their tires during a routine traffic stop, *Petta v. Rivera*, 143 F.3d 895, 897-903 (5th Cir. 1998).

"While the measure of what is conscience shocking is no calibrated yard stick," there are certain guideposts. *Sacramento County v. Lewis*, 523 U.S. 833, 847 (1998). The level of culpability to shock the conscience is high. *Id.* at 848-49. "[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *Id.* at 849. "In cases such as 'sudden pursuit[s]' that require split-second decision-making, only intentional misconduct will shock the conscience." *Pineda v. West Texas Community Supervision*, EP-19-CV-57-KC, 2020 WL 466052, at *7 (W.D. Tex. Jan. 27, 2020) (citing *Lewis*, 523 U.S. at 851-54). But "when actual deliberation is practical," deliberate indifference to a risk of harm may be conscience shocking. *Lewis*, 523 U.S. at 851-54; *see also M.D. ex rel. Stuckenberg v. Abbott*, 907 F.3d 237, 251 (5th Cir. 2018). And courts must also consider the countervailing governmental interests and considerations that might justify the challenged conduct. *Id.* at 849; *Coleman v. Dretke*, 395 F.3d 216, 224-25 (5th Cir. 2004). Conduct that does not serve any legitimate governmental objective is more likely to be unconstitutional. *Pineda*, 2020 WL 466052, at *7 (citing *Lewis*, 523 U.S. at 845-46 (citation omitted).

Hill's conclusory, vague allegations do not satisfy the minimum pleading standards since she alleges no facts from which it can be gleaned that Heard's behavior in brandishing a weapon and waving it or pointing it at Hill "shocks the conscience." Therefore, to the extent that Hill seeks to assert a substantive due process claim, it is meritless and should be dismissed.[3]

---

[3] Hill also claims that Heard wrongly "intervened" in a witness' attempt to get an exculpatory affidavit notarized. Doc. 10 at 17. To the extent that Hill wishes to assert a claim based on these vague allegations, the claim lacks merit. Again, it is not clear whether Heard's actions were purely private or whether she acted under color of state law. At any rate, Hill fails to tie these

**IV. LEAVE TO AMEND**

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case."  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  Here, Hill has already filed an amended complaint, as well as a "motion of discovery," which the Court construed as a futile motion to amend.  Accordingly, the Court concludes that Hill has stated her best case and justice does not require that the Court automatically grant Hill leave to amend her allegations.

**V. CONCLUSION**

For the foregoing reasons, Hill's claims should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on December 4, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

allegations to a constitutional deprivation.  She does not allege that the witness's inability to notarize the affidavit had any effect on a probable cause determination that led to Hill's arrest or resulted in a lengthier incarceration than would have otherwise been the case.  And, as noted, the charges against Hill were dropped, and Hill does not assert that the charges would never have been pursued if Heard had not "intervened."

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).